**Getenete Melese HIRPA, Petitioner,**

**v.**

Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119

Eric H. HOLDER Jr.,[1] U.S. Attorney General.

No. 08–5223–ag.

United States Court of Appeals, Second Circuit.

May 12, 2009.

Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin,* 534 F.3d at 165.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

Alan M. Para, Silver Spring, MD, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Paul T. Cygnarowicz, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## *SUMMARY ORDER*

Petitioner Getenete Melese Hirpa, a native and citizen of Ethiopia, seeks review of the April 25, 2008 order of the BIA affirming the August 25, 2006 decision of Immigration Judge ("IJ") Michael Rocco denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Getenete Melese Hirpa,* No. A 99 523 206 (B.I.A. Apr. 25, 2008), *aff'g* No. A 99 523 206 (Immig. Ct. Buffalo Aug. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (per curiam) (internal quotation marks omitted). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C.

Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

§ 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, because Hirpa fails to challenge the IJ's denial of his claims for relief on account of his Oromo ethnicity, we consider that claim abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (per curiam). We thus limit our review to the agency's conclusions that Hirpa failed to demonstrate that (1) he endured past persecution, and (2) any alleged persecution was on account of his political opinion. We find that the agency erred on both counts.

Hirpa testified that after he participated in a demonstration opposing the Ethiopian government following an election, he was detained for nineteen days. He claimed that during his detention, his captors shaved his head, beat him, interrogated him regarding his political affiliation, and registered him according to his ethnicity and political party membership. Upon his release, he was monitored by the government.

We have recognized that persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, in *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006), we cautioned the BIA to be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground."

Here, the IJ observed that Hirpa had "one encounter with the authorities, an encounter resulting in his alleged detention and mistreatment. With respect to this detention, however, [Hirpa] was released without charge." The IJ further found that although Hirpa alleged that he was mistreated, he "offered no evidence of permanent or serious physical injury amounting to persecution." The BIA agreed that Hirpa had not endured past persecution. Hirpa, however, presents a similar factual scenario to that which we described in *Beskovic* as evidence of past persecution. *See* 467 F.3d at 226. Consequently, we find that the IJ and BIA erred when they concluded that Hirpa failed to establish past persecution.

Notwithstanding this error, remand would be futile if the agency's nexus finding was proper. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir.2006). We therefore address that aspect of the agency's decision.

In order to demonstrate eligibility for asylum and withholding of removal, an applicant must establish that his or her past persecution or well-founded fear of future persecution is on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1). We have stated that "to establish persecution 'on account of' political opinion ..., an asylum applicant must show that the persecution arises from his or her own political opinion," not merely from some "generalized political motive." *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (internal quotation marks omitted). Furthermore, "[t]he plain meaning of the phrase 'persecution on account of the victim's political opinion,' does not mean persecution *solely* on account of the

268

victim's political opinion." *Osorio v. INS,* 18 F.3d 1017, 1028 (2d Cir.1994). "Where there are mixed motives for a persecutor's actions, an asylum applicant need not show with absolute certainty why the events occurred, but rather, only that the harm was motivated, in part, by an actual or imputed protected ground." *Uwais v. U.S. Att'y Gen.,* 478 F.3d 513, 517 (2d Cir.2007).

As the BIA states in its decision, Hirpa was detained for nineteen days after violating the Ethiopian government's one-month ban on demonstrations imposed during the time period surrounding the country's May 2005 national elections. It is true that punishment for violation of a generally applicable criminal law is not persecution. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992). Punishment for committing a crime, however, may also "be a pretext for punishing an individual for his political opinion." *Matter of S–P–,* 21 I. & N. Dec. 486, 492 (B.I.A.1996). When examining motive where prosecution may be a pretext for such a purpose, and particularly where there ultimately was no prosecution, "the evidence must be evaluated ... to determine whether the motive for the abuse in the particular case was directed toward punishing or modifying perceived political views, as opposed to punishment for criminal acts." *Id.* at 493–94.

In this case, Hirpa asserts that the Ethiopian government's ban on demonstrations was imposed to limit political dissent following the outcome of the elections. The agency, however, failed to consider both the "political context" and "potentially deeply political nature" of Hirpa's claimed persecution. *See Vumi v. Gonzales,* 502 F.3d 150, 156–57 (2d Cir.2007). Nor did it consider that during his detention, Hirpa was interrogated regarding his affiliation with the opposition CUD party. Moreover, the harm inflicted on Hirpa went

"well beyond the bounds of legitimate questioning" that would be expected for violating the government's ban on demonstrations. *Matter of S–P–,* 21 I. & N. Dec. at 495. Accordingly, because the agency failed to consider the political context of Hirpa's alleged persecution, we remand to give the BIA the opportunity, in the first instance, to properly analyze Hirpa's claim. *See Vumi,* 502 F.3d at 151.

Finally, we note that the BIA's corroboration finding does not convince us that remand would be futile. *See Xiao Ji Chen,* 471 F.3d at 338. Although the IJ noted the lack of corroborative evidence in this case, he did not base his denial of Hirpa's requests for relief on the absence of such evidence; rather, the IJ denied relief "[s]eparate and apart from the absence of corroboration." Consequently, the BIA may have acted beyond its authority when it relied on the lack of corroboration as a ground for why Hirpa did not meet his burden of proof as to his asylum claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1003.1(d)(3).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order.